Fbeemas, J.,
delivered the opinion of the court.
This is án action for slander, brought by Mullenix against Brandon for speaking, on the 13th of July, 1866, the words of him, “that J. D. Mullenix stole a mule; and that he stole a mule, and I will be damned if I can’t prove it on him.” A verdict was rendered on plea of not guilty in favor of plaintiff, from which an appeal in error is prosecuted to this court.
The first objection taken by counsel to proceedings in court below is in sustaining a demurrer to a plea of statute of limitations for six months. There was no error in this, the words were alleged to have been spoken in July, 1866, and the statute of limitations had been suspended from May, 1865, to 1st of January, 1867, by Act of Legislature, under the schedule and amendments adopted February 22, 1865. We need not discuss several supposed errors, sustaining demurrer to plea, as we are unable to see any error in the action of the court on this question. It is insisted there was error in excluding two depositions, Jones and Hensley. Notice was given to take these ■depositions on the 9th, together with others. The commissioner, perhaps from want of time, adjourned till the 10th, and says plaintiff was notified to attend on the 10th at 9 o’clock. These depositions were properly excluded. The law prescribes the notice that shall be given, and parties in such notice fix the time *448 and place, and the commissioner has no power to change it. All difficulty may be easily obviated, where the witnesses are numerous, by fixing the day on which to commence taking the depositions, and notifying the opposite party that the taking will be continued from day to day until completed.
It is not objected that the court erred in excluding the depositions of Wells, Morrell and others. We need not decide on the sufficiency of the notice left at plaintiff’s father’s house, as the depositions were filed March, 1869, and exceptions filed to them, which were sustained by the clerk, March 24, 1869, and no appeal from the decision of the clerk; besides, the decision of the clerk was only brought to the attention of the court on the trial of the cause. By sec. 3869 of the Code, the court is to decide upon appeal from the decision of the clerk before the cause is heard or tried. It was the duty of the party to have appealed at once, or in a reasonable time from the decision of the clerk, and to have had his appeal decided before the trial of the case commenced.
Exception is taken to the action of the court in excluding the deposition of C. B. Headrick. This deposition had been taken by plaintiff and filed in the cause, but plaintiff chose not to read it. Defendant offered to read it in evidence for himself, but on objection the court refused to allow the deposition to be read. This was error. The deposition, when filed, stood as a witness summoned. The party summoning the witness would not be bound to examine him, yet the other party might introduce him, making *449 him his own witness thereby. So with the deposition. Richmond v. Richmond, 10 Yer., 343, 346.
Again, it is objected that a large number of depositions were improperly excluded' by the court, or rather parts of such depositions. All we see on this subject in the bill of exceptions is, after mentioning a list of ten witnesses whose depositions- had been taken, it is said, “which were read, excepting the portion of them included in brackets, which were excluded. On looking to the record we find numerous marks on the margin, but we cannot undertake from these to say what was excluded and what was admitted. "Where matter is objected to and excluded, it should be pointed out by reference to the number of the question and answer, or the matter be set out in full, so that we can see- what was excluded and what was not.
Exception is taken to the fact that his honor the Circuit Judge allowed the jury to disperse during the trial without cautioning them not to converse with any about the • case. ISTo request was made for such instructions, and such failure under the circumstances would not be reversible error. It is proper to say, however, that it is the duty of the court in all cases, but especially in cases of magnitude, or involving much feeling, to give such caution to the jury, and promptly punish a juror for violation of the instruction so’ given.
Several other questions are urged in the argument, but as the case is so presented in this record, and the matter of the depositions is so confused, and so *450 intermingled with things totally irrelevant or incompetent, we do not think proper to attempt to disentangle it in order to a discussion of the questions. We will wait until these questions shall be presented in a more intelligible form.
For the errors indicated in the opinion, the case will be reversed and remanded.